(174 App. Div. 41)

## STEELE v. SYRACUSE UNIVERSITY.

(Supreme Court, Appellate Division, Fourth Department. June 15, 1916.)

1. WILLS ☞733(9)—CONSTRUCTION—NATURE OF INTEREST—ANNUITIES.

    A testator's direction to pay a son a certain sum per annum during his natural life requires payment only at the end of each year.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1838; Dec. Dig. ☞733(9).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CONTRACTS ⬅75(1)—CONSIDERATION—PAYMENT OF MONEY.
      Where a will required a legatee to make a payment at the end of each
   year, there is no consideration for its promise to make it in more frequent
   installments.
      [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 273–275, 277–
   279; Dec. Dig. ⬅75(1).]

3. ESTOPPEL ⬅63—EQUITABLE ESTOPPEL—GROUNDS.
      The fact that a legatee voluntarily made payments more frequently
   than required to do under a will does not preclude it from refusing to con-
   tinue the practice.
      [Ed. Note.—For other cases, see Estoppel, Dec. Dig. ⬅63.]

Appeal from Onondaga County Court.

Action by Allen D. Steele against Syracuse University. From a
judgment of the County Court, affirming a judgment of the Syracuse
Municipal Court in favor of plaintiff, defendant appeals. Reversed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MER-
RELL, and DE ANGELIS, JJ.

Ernest I. Edgcomb, of Syracuse, for appellant.
Willard A. Rill, of Syracuse, for respondent.

DE ANGELIS, J. One Joel Dorman Steele died May 25, 1886,
leaving a last will and testament dated April 23, 1885, and duly ad-
mitted to probate in the Surrogate's Court of Chemung county. The
testator among other things bequeathed and devised to Syracuse Uni-
versity, the defendant, certain real estate and personal property, sub-
ject to certain conditions and among them the following:

"The said University shall pay to my adopted son, Allen Dorman Steele, the
sum of twelve hundred dollars per annum during his natural life."

The defendant accepted the bequest and devise. There was re-
ceived in evidence upon the trial a writing of which the following is
a copy:

"Whereas, J. Dorman Steele, late of Elmira, deceased, did make a certain
bequest to Syracuse University, subject, among other things, to the payment
of a life annuity of twelve hundred dollars per annum to his son, Allen D.
Steele: Now, therefore, said University, by its Chancellor, C. N. Sims, duly
authorized thereto, having accepted said bequest, hereby agrees to pay to
said Allen D. Steele, during his lifetime, twelve hundred dollars ($1,200.00)
per annum from the twenty-second day of July, 1886, payable semiannually on
the first days of April and October of each year.
   "Syracuse, July 22, 1886.
                     "Syracuse University,      By C. N. Sims, Chancellor."

It appears that this paper was executed by Chancellor Sims and
delivered to the plaintiff, who is the adopted son of the testator. The
treasurer of the University testified, in producing a book of the Uni-
versity which was received in evidence, that it was the only book which
he could find of the minutes of the board of trustees during the years
1890 to 1895, inclusive, after making diligent search for others. In
the report of the Chancellor, dated January 18, 1887, contained in
this book, is the following:

"Gifts for endowment have been constantly coming in. The bequest of $50,-
000 by J. Dorman Steele has been paid in 7 per cent. first mortgage real

estate securities, and a contract given to pay the stipulated life annuities at the rate of 5 per cent."

We think that we must assume that the paper dated July 22, 1886, was executed by the authority of the board of trustees of the University. The plaintiff testified that in the year 1891 he had a talk with John R. French, dean of the College of Liberal Arts, which is reported in the record as follows:

"I asked Dean French if I could receive my money, in place of semiannually, as I had been doing, monthly, as it would be more convenient for me, and Dean French replied, and said 'that he could see no objection to it, because the University would have the use of the money.' "

The record shows that after the execution of the paper of July 22, 1886, and until the year 1891, the plaintiff received from the University his annuity semiannually, substantially, and that after the alleged arrangement made between Dean French and the plaintiff in 1891 the annuity was paid to the plaintiff in monthly installments as a rule. The receipts given by the plaintiff for the payments made to him indicated by their terms the acceptance by the University, first, of the arrangement to pay the annuity semiannually on the 1st days of April and October; and, secondly, the acceptance of the arrangement to pay the annuity in monthly installments.

[1] The judgment below awarded the plaintiff as damages $100 and interest upon the finding of the court of an agreement whereby the defendant was to pay the plaintiff his annuity in monthly installments of $100 on the 1st day of each month. The defendant contends that it is bound by no agreement to pay the annuity, except as provided by the terms of the will in question. By the terms of the will it is entirely clear that the University is only required to pay the $1,200 to the plaintiff at the end of each year. Kearney v. Cruikshank, 117 N. Y. 95, 100, 22 N. E. 580.

[2, 3] As the University was under no obligation to pay the annuity semiannually, there was no consideration for the agreement of July 22, 1886; it was nudum pactum, and therefore not enforceable. The same is true of the arrangement made in 1891, and besides there is no evidence of authority for whatever arrangement might have been made by Dean French. The fact that payments were made semiannually, and afterwards each month, could not bind the University, either upon the assumption of the existence of a contract or by way of estoppel. Such payments were merely voluntary payments.

It follows that the judgment of the County Court and of the Municipal Court should be reversed, with costs. All concur.